STATE, *ex rel.* MAYNARD H. EVANS, FRANCES L. BLANKNER and J. R. HOLBROOKS, as Trustees of Special Tax School District No. 1 of Orange County, v. GEO. A. BARKER, SR., JULIAN E. SADLER and IRA J. JOHNSTON, as and constituting the Board of Public Instruction of Orange County.

167 So. 16.
Opinion Filed March 30, 1936.

*Warlow & Carpenter,* for Relators;
*G. B. Fishback,* for Respondents.

DAVIS, J.—The point to be decided in this case is whether or not taxable lands certified to and appearing on the tax books in the name of the State, but held by the State as subject to redemption by the owner, are to be included in the

computation and calculation of the assessed value of the taxable property of a special tax school district when bonds of such special tax school district have been duly authorized at an election held and carried pursuant to law, as contemplated by the provisions of Section 17 of Article XII of the State Constitution.

The question so raised is presented in a mandamus proceeding instituted by the Trustees of Special Tax School District No. 1 of Orange County to mandate the Board of Public Instruction of said county to advertise and sell a $24,000.00 issue of Special Tax School District bonds that have been duly authorized by a majority of the duly qualified electors of the district who are freeholders and which are shown to be otherwise valid to be issued, but which the County Board of Public Instruction refuses to execute, advertise or sell pursuant to the Florida statutes, because of its belief that said bonds, if issued, would exceed "together with the existing indebtedness of such special tax school district, 20 per cent. of the assessed value of the taxable property of such district according to the last (1935) assessment for State and county purposes prior to the issuing of said bonds."

The record shows that the bonded obligation of Special Tax School District No. 1 of Orange County is $1,538,-000.00 plus $283,000.00 in contingent liabilities and $34,-441.00 in notes, the grand total being computed at $1,855,-441.00.

The record further shows that the assessed value of the taxable property of Special Tax School District No. 1 of Orange County, according to the assessment roll for State and county purposes for 1935, is $9,901,350.00, exclusive of homestead and other exempt property, but that the total assessed valuation of the taxable property of the district

exclusive of lands on which tax sale certificates are held by the State and exclusive of homestead and other exempt property is only $7,770,070.00. The total valuation of all lands of said Special Tax School District for which tax certificates were issued to the State for lands carried on the 1934 tax, rolls against which no tax sale certificates were outstanding in the name of the State totals $240,789.00.

It is the contention of the relators that under the provisions of Chapters 17400 and 17403, Acts of 1935, Laws of Florida, that while the tax assessors of the several counties of this State are relieved by statute from any and all duty to "extend the tax millage" on such lands on the tax rolls as are covered by tax certificates outstanding in the name of the State of Florida, that by Chapter 17403, Acts of 1905, it still remains the duty of such tax assessors to assess such lands for subsequently accruing taxes by entering the values of the several parcels of such State certificated lands on the tax rolls, and that therefore the "assessed value of the taxable property" in the special tax school district here involved is to be calculated under Section 17 of Article XII of the Constitution as comprehending State certificated properties upon which values have been required by law to be assessed by the county tax assessor, although no tax millage is provided by law to be extended thereon prior to application for redemption or issuance of tax deeds pursuant to a purchase of the State tax certificates from the State.

Our view is that the proposition advanced by the relators should be sustained, for the reason, if no other, that so long as taxable lands subject to taxation are held by the governmental authorities subject to an absolute right of redemption in the owner, such property though sold for taxes and held in the name of the taxing authority, remains subject to as-

sessment for the accumulated taxes due to be paid by the owner of same from year to year so long as the State's title to the forfeited lands remains defeasible by the owner's right of redemption, hence State certificated tax lands are as such a part of the assessed valuations on the tax rolls as are any other taxable properties listed and valued thereon for taxation purposes.*

A peremptory writ of mandamus is awarded.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.

---

*This Court has lately followed this view of the law in the case of Richey v. Wells, 123 Fla. 284, 166 Sou. Rep. 817, wherein it was held that "omitted subsequent taxes" due to be paid for redemption of State certificated lands are current taxes, and therefore cannot be constitutionally adjusted, compromised or reduced on any different principle than other current taxes on taxable lands not so tax certificated.